IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RICHARD SULLIVAN,                )
                                 )
        Petitioner,              )
                                 )
v.                               )  Civil Action No. 1:22-cv-435
                                 )
HAROLD CLARKE,                   )
                                 )
        Respondent.              )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Respondent's Motion to Dismiss. Petitioner Richard Sullivan did not file an opposition to the motion.

In August 2015, officers from Culpeper County Sheriff's Office and the Fauquier County Sheriff's Office formed a "controlled-buy" team to apprehend Petitioner for the distribution of Phencyclidine (PCP). The team had an informant arrange a purchase of two glass vials of PCP from Petitioner. Petitioner called informant to notify informant that Petitioner had arrived at their planned meeting spot, and in turn, the informant notified the controlled-buy team. Detective J.R. Clark and Detective Jonathan Waddell, who were part of the controlled-buy team, identified and approached Petitioner's vehicle at the planned meeting spot. While approaching Petitioner's vehicle, the detectives noticed a strong odor, which they identified as PCP,

1

coming from the front passenger window.  Detectives recognized the front passenger as Petitioner and as they approached the car, saw that there were two small glass vials on Petitioner's lap containing liquid consistent with the appearance of PCP.  The detectives arrested Petitioner.

Petitioner was charged for possession with intent to distribute PCP.  Benjamin Kent, Esq., was appointed by the court to represent Petitioner.  Prior to the preliminary hearing, the Commonwealth told Kent that if Petitioner pled guilty to simple possession of a controlled substance, it would not indict him for possession with intent to distribute.  Kent informed the Commonwealth that Petitioner rejected the plea offer.

At the preliminary hearing, the general district court found insufficient evidence to certify a charge for possession with intent to distribute a controlled substance, but it certified a charge for simple possession of a controlled substance.  After the preliminary hearing, the certified charge for simple possession of a controlled substance, and a new charge for possession with intent to distribute were brought before a grand jury.  The grand jury indicted Petitioner on both charges; however, prior to the jury trial, the Commonwealth nolle prossed the simple possession charge.

During trial, the Commonwealth called Detective D.R. Dorrough who testified that Petitioner was read his *Miranda* rights and

2

further testified that Petitioner had informed him that he had been in Maryland prior to meeting the informant to purchase six vials of PCP for $300, intending to sell some of his vials for $100 per vial.

The Commonwealth also called the two arresting Detectives, Detective Clark and Detective Waddell. Both detectives testified to the events that led up to Petitioner's arrest, and Detective Waddell admitted that at the preliminary hearing he testified differently concerning several facts and circumstances regarding his encounter with Petitioner because he wanted to protect the identify of informant. In addition, the Commonwealth called the informant, who testified that he was working with law enforcement when he agreed to pay Petitioner $100 per vial for two vials of PCP and further testified that Petitioner had sold to him before that date.

During Petitioner's case-in-chief, Petitioner testified that he was only present at the meeting place, where he was arrested, because he accompanied his girlfriend to pick up a mutual friend. Petitioner denied communicating with the informant on the day of the arrest and denied telling Detective Dorrough that he purchased PCP or that he intended to sell PCP.

Ultimately, Petitioner was convicted of possession with intent to distribute PCP by the jury. On March 31, 2016, the Circuit Court for the County of Fauquier sentenced Petitioner to

eighteen (18) years in prison with six (6) years suspended and a $90,000 fine. Petitioner appealed, and the Virginia Court of Appeals denied his petition to appeal his conviction.

Petitioner subsequently timely filed a petition for writ of habeas corpus in the circuit court (the Habeas Court) against the Virginia Department of Corrections (the Director) alleging ineffective assistance of counsel based on five claims, including:

1) Trial counsel was ineffective for eliciting from two different witnesses—(1) a detective who testified for the Commonwealth, and (2) the confidential informant who testified for the Commonwealth—highly prejudicial testimony about prior, uncharged drug transactions involving Sullivan, for failing to object to the prejudicial testimony, and for failing to seek a mistrial or a curative instruction;

(2) Trial counsel was ineffective for rejecting the Commonwealth's plea offer to a reduced charge of simple possession of PCP before communicating the plea offer to Sullivan and for urging Sullivan to go to trial based on ineffective assistance of counsel;

(3) Trial counsel was ineffective for failing to challenge Detective Waddell's bias and motive to testify based on information obtained in discovery indicating Waddell was being investigated for issues in Culpepper County related to the use of force and truthfulness;

(4) Trial counsel was ineffective for failing to file a motion to withdraw as counsel or otherwise assure that Sullivan's interests and concerns were properly addressed by the Court regarding Sullivan's ex parte motion for new counsel both before the sentencing hearing and on appeal; and

(5) Appellate counsel was ineffective for failing to timely appeal Sullivan's conviction from the Court of Appeals of Virginia to the Virginia Supreme Court after being instructed by Sullivan to exhaust every step of the direct appeal process.

The Habeas Court denied and dismissed with prejudice Petitioner's claims (1) through (4); however, as to claim (5), the Respondent conceded, and the Court found, that Petitioner was entitled to a belated appeal of his conviction to the Supreme Court of Virginia. The Habeas Court further found that no evidentiary hearing was necessary because the record and evidence before the court plainly established that, except for claim (5), the petition should be dismissed.

Petitioner appealed the Habeas Court's final order to the Supreme Court of Virginia. Notably, Petitioner's appeal to the Supreme Court of Virginia only concerned three of the four grounds for Petitioner's claim of ineffective counsel, including his claims that: (1) Kent elicited prejudicial testimony—from Detective Clark and the informant—concerning Sullivan's alleged prior uncharged sale of PCP; (2) Kent rejected the Commonwealth's offer to reduce Sullivan's charge to simple possession without first communicating the offer to Sullivan; and (3) Kent failed to challenge Detective Waddell's bias and motive to testify.

The Supreme Court of Virginia granted three assignments of error:

> 1. The Circuit Court erred in finding that Appellant's trial counsel was not ineffective for eliciting, from two different witnesses, testimony about prior, uncharged alleged drug transactions allegedly involving Appellant because Appellant cannot prove he was prejudiced.

5

2. The Circuit Court erred in finding that Appellant's trial counsel was not ineffective for rejecting the Commonwealth's plea offer to a reduced charge of simple possession of PCP before communicating the plea offer to Appellant and for urging Appellant to go to trial based on ineffective assistance of counsel.

3. The Circuit Court erred in finding that Appellant's trial counsel was not ineffective for failing to challenge Detective Waddell's bias and motive to testify based on information obtained in discovery indicating Waddell was being investigated for issues in Culpeper County related to the use of force and truthfulness.

As to the third assignment of error, the Virginia Supreme Court deemed it "waived" under Virginia Supreme Court Rule 5:27 for lack of adequate supporting argument in Petitioner's brief, and as a result, did not address the merits of the claim on appeal.

A two-prong test is applied to assess a claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). First, Petitioner has the burden of showing that his counsel's performance was deficient (the "performance" inquiry), and second, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the "prejudice" inquiry). Strickland, 466 U.S. at 694. An ineffective counsel claim may be disposed of on either prong because deficient performance and prejudice are "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697.

As to the informant's testimony, the Virginia Supreme Court found that Petitioner only assigned error to the Habeas Court's

ruling as to the prejudice prong of the two-part test and failed to assign error to the Habeas Court's ruling concerning the performance prong.   The Habeas Court's uncontested ruling that Petitioner failed to demonstrate that counsel's performance was deficient forms a separate and independent basis to affirm the Habeas Court's ruling because an ineffective assistance claim fails if it does not satisfy both the performance and prejudice prongs required by Strickland.   As a result, the Supreme Court of Virginia held that it "could not review the ruling of a lower court for error once we determined that an uncontested separate basis [was] sufficient legal foundation for the challenged ruling." Thus, the Virginia Supreme Court found that the Habeas Court's ruling on the performance prong provided sufficient legal foundation for the dismissal of Petitioner's ineffective assistance of counsel claim as to counsel's examination of the informant.   The Supreme Court of Virginia affirmed the Habeas Court's ruling on this claim.

As to the testimony of Detective Clark, the Supreme Court of Virginia found that Petitioner failed to meet his burden to show that there was a reasonable probability that a factfinder would have had reasonable doubt respecting his guilt, absent the alleged error by counsel, which purportedly resulted in counsel being ineffective.   See Strickland, 466 U.S. at 695 ("When a defendant challenges a conviction [based upon a claim of ineffective

7

assistance of counsel], the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had reasonable doubt respecting guilt."). Indeed, the Virginia Supreme Court found that even without Clark's allegedly improper testimony regarding a prior drug sale by Petitioner, there was other evidence on the record that amply proves Petitioner's intent to distribute PCP on the date in question. The additional evidence presented by the Commonwealth, unrelated to the purportedly improper testimony, independently provided overwhelming evidence of Petitioner's guilt.

Finally, the Supreme Court of Virginia found that the Habeas Court did not err in finding that counsel was not ineffective for rejecting the Commonwealth's plea offer because it found that counsel rejected the offer after consulting with Petitioner. Because the trial record did not contain any reference to a plea offer that was rejected by Petitioner during the preliminary hearing stage, the Habeas Court relied on the statements in the petition and affidavits submitted by both counsel and the Commonwealth to determine the circumstances and facts related to the allegedly uncommunicated plea offer. Based on counsel and the Commonwealth's affidavits, the Habeas Court found that counsel timely and properly communicated the plea offer to Petitioner. The Supreme Court of Virginia thus held that it would not disturb the Habeas Court's finding of fact because it was not plainly wrong

and was supported by the record and affirmed the judgment of the Circuit Court of Fauquier County.

On April 20, 2022, Petitioner timely filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and raises three grounds for relief:

> 1. Trial counsel elicited testimony from two different witnesses about prior, uncharged alleged drug transactions allegedly involving Sullivan. ("Claim 1")
>
> 2. Trial counsel rejected the Commonwealth's plea offer to a reduced charge of simple possession of PCP before communicating the plea offer to Sullivan and for urging Sullivan to go to trial based on poor advice. ("Claim 2")
>
> 3. Trial counsel failed to challenge Detective Waddell's bias and motive to testify based on information obtained in discovery indicating Waddell was being investigated for issues in Culpeper County related to the use of force and truthfulness. ("Claim 3")

As an initial matter, absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking habeas relief in federal court. See 28 U.S.C. § 2254(A)-(B). The petitioner bears the burden of proving exhaustion. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State prisoners must therefore "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process." Id. The exhaustion requirement is satisfied by a finding that the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citing Picard v. Connor, 404 U. S. 270, 275-76 (1971)).

A related bar to federal habeas review is the doctrine of procedural default. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard, 134 F.3d at 619. "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Under this doctrine, "federal courts generally decline to hear any federal claim that was not presented to the state courts consistent with [the State's] own procedural rules." Shinn v. Ramirez, 596 U.S. 366, 378 (2022) (internal quotation marks and citation omitted).

An application for writ of habeas corpus under 28 U.S.C. § 2254 requires the petitioner prove that the adjudication on the

10

merits in a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). For purposes of § 2254(d)(1), the state court's application of the law must be "objectively unreasonable," not just simply incorrect. Crockett v. Clarke, 35 F.4th 231, 241 (4th Cir. 2022). Because of the deference given to the state court's legal conclusions and factual findings, "the standard for such claims is exceedingly high." Id. (citing Burt v. Titlow, 571 U.S. 12, 19 (2013)). Finally, when evaluating claims of ineffective assistance of counsel, federal habeas relief under § 2254(d)(1) may only be granted "if the state-court decision [] had unreasonably applied Strickland's more general standard for ineffective-assistance claims, whereby a defendant must show both deficient performance by counsel and prejudice." Knowles v. Mirzayance, 556 U.S. 111, 114 (2009). The question "is not whether a federal court believes the state court's determination" under Strickland "was incorrect but whether [it] was unreasonable—a substantially higher threshold." Id. (quoting Schriro v. Landrigan, 550 U.S. 465 (2007)).

Petitioner's first claim for relief involving trial counsel's elicited testimony from two different witnesses—Detective Clark and the informant—about prior, uncharged alleged drug transactions is exhausted in part and defaulted in part. Specifically, Petitioner's argument that counsel was ineffective when he cross-examined Detective Clark is exhausted, but Petitioner's argument that counsel was ineffective in cross-examining the confidential informant is procedurally defaulted. When Petitioner appealed the Habeas Court's final order, Petitioner only assigned error to the court's prejudice findings, but did not challenge the court's determination that counsel performed reasonably when he questioned the informant. As a result, the Habeas Court's judgment as to trial counsel's performance when he cross-examined the informant was never appealed to or considered by the Virigina Supreme Court. See Va. Sup. Ct. R. 5:17(c)(1) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); Hendrick v. True, 443 F.3d 342, 360 (4th Cir. 2006) (holding that failure to assign error is an independent and adequate state procedural default).

In fact, the Supreme Court of Virigina concluded that the Habeas Court's unchallenged finding that counsel's performance was reasonable in cross-examining the informant was a sufficient basis for affirming the Habeas Court's judgment as to the informant. "Failure to appeal claims disposed of by a state habeas trial court

12

constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1502 (4th Cir. 1989). Therefore, the Court finds that the portion of Claim 1 challenging the state court's determination as to the examination of the confidential informant is procedurally defaulted.

Even if this portion of Claim 1 was not procedurally barred, Petitioner's challenge to the state court's judgment rejecting his claim that counsel was ineffective when he questioned the confidential informant would nonetheless fail on the merits. The state court's judgment was a reasonable application of federal law, not based on an unreasonable interpretation of the facts, and consistent with federal law. Knowles, 556 U.S. 111, 114 (2009). The state habeas court found that Petitioner failed to show either deficient performance or prejudice under Strickland. Considering trial counsel's sworn statement, which the Habeas Court credited, counsel credibly averred that he asked the informant about prior drug sales based on information Petitioner supplied to him and based on Petitioner's insistence that he ask the questions because informant was Petitioner's "friend." Strickland, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). Moreover, considering the overwhelming evidence introduced against Petitioner at trial, the Habeas Court properly concluded that Petitioner could not meet his burden to prove

13

Strickland prejudice.  Strickland, 466 U.S. at 695-96 (requiring under the prejudice prong to establish "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt").

The second portion of Petitioner's first claim involving the cross-examination of Detective Clark is exhausted; however, the Virginia Supreme Court's ruling on this claim reasonably applied the Strickland standard based on a reasonable determination of the facts in light of the record.  The Supreme Court of Virginia found that Petitioner had not demonstrated prejudice because, even with discarding the testimony of Detective Clark regarding prior drug transactions, the evidence on the record against Petitioner was overwhelming and independently proved Petitioner's intent to distribute PCP.  Given the independent, overwhelming evidence against the Petitioner, it was not unreasonable for the Virginia Supreme Court to find that Petitioner failed to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  As a result, this Court adopts the state court's findings in ruling against Claim 1 of Petitioner's habeas petition.

In Petitioner's second claim, Petitioner argues that trial counsel was ineffective when he "rejected the Commonwealth's plea offer to a reduced charge of simple possession of PCP before communicating the plea offer to Sullivan and for urging Sullivan

14

to go to trial based on poor advice." Petitioner also argues that the state habeas court should have conducted an evidentiary hearing. This Court finds that the portion of Petitioner's second claim regarding the plea offer is exhausted; however, the portion arguing that the state habeas court should have conducted an evidentiary hearing is procedurally defaulted. Petitioner failed to assign error to the Habeas Court's resolution of the claim without an evidentiary hearing on appeal to the Virginia Supreme Court. Thus, the Supreme Court of Virginia did not consider this specific issue on appeal. See Va. Sup. Ct. R. 5:17(c)(1). Petitioner's failure to appeal this specific issue to the Virginia Supreme Court constitutes a procedural bar to further federal review of this claim.

Regarding the portion of Claim 2 involving trial counsel's rejection of the Commonwealth's plea offer, the Virginia Supreme Court affirmed the state habeas court's rejection of this claim, and this Court adopts the state court's findings. Petitioner alleged that after the preliminary hearing, but before the grand jury, the Commonwealth informed Petitioner's counsel of the plea offer. Petitioner asserted that counsel rejected the offer without communicating it to him because counsel thought they "could beat [the] charges at trial." Petitioner contends that he only learned about the rejected plea offer sometime after one of the circuit court hearings, but before trial, and would have accepted the offer

15

if he had known about it.  Contrary to Petitioner's assertions, an affidavit from the Assistant Commonwealth's Attorney and an affidavit from counsel stated that the Commonwealth communicated the plea offer before the preliminary hearing, which expired after the preliminary hearing.  The Assistant Commonwealth Attorney further stated that she did not re-extend the plea offer after the preliminary hearing, and counsel also states in his affidavit that he told Petitioner about the plea offer before the preliminary hearing, prior to communicating Petitioner's rejection to the Commonwealth.

Because the trial record did not contain any reference to a plea offer, the Supreme Court of Virginia found it appropriate for the Habeas Court to rely on the assertions in the petition and affidavits, which were attached as exhibits to the Director's answer, to make a factual determination that counsel timely and properly communicated the plea offer to Petitioner. When the trial record is inadequate to fully determine a habeas claim, the habeas court may base its disposition on the use of affidavits where appropriate. See Smith v. Brown, 291 Va. 260, 264 (2016), 781 S.E.2d 744, 747 (Va. 2016); see also Yeatts v. Murray, 249 Va. 285, 288 (1995), 455 S.E.2d 18 (Va. 1995).

"In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by

clear and convincing evidence." Green v. Johnson, 515 F.3d 290, 299 (4th Cir. 2008). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Here, Petitioner failed to show by clear and convincing evidence that the state court's finding was incorrect or that the Habeas Court's factual determination was objectively unreasonable considering the record before the Court. Indeed, the Petitioner offered no evidence demonstrating that the state habeas court's factual finding was incorrect, but instead, insisted that an evidentiary hearing was necessary to resolve genuine disputes of material fact involving the circumstances surrounding the plea agreement. However, "[a] state habeas court need not hold an evidentiary hearing in every case to make reasonable fact determinations." Gray v. Zook, 806 F.3d 783, 792 (4th Cir. 2015) (citing Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007)). Moreover, "there is no prohibition against a court making credibility determinations based on competing affidavits in certain circumstances." Strong, 495 F.3d at 139 (internal citations omitted). "Choosing between conflicting affidavits

17

without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events." Id. In this case, contrary to Petitioner's account of the events, the Assistant Commonwealth Attorney's affidavit established that she extended an offer before the preliminary hearing and made the offer to protect the identity of the cooperating informant, and did not re-extend the offer to Petitioner after the preliminary hearing. The Assistant Commonwealth Attorney's affidavit and counsel's affidavit were detailed and consistent with one another as to the timing of the plea offer. Counsel's affidavit also detailed that he communicated the plea offer before the preliminary hearing, and Sullivan rejected the offer. This Court finds that the state court's factual determination was reasonable considering the record, and Petitioner has not met his burden to prove otherwise.

And finally, Petitioner's third claim for ineffective assistance of counsel involves counsel's alleged failure to challenge Detective Waddell's bias and motive to testify based on information obtained in discovery indicating that Waddell was being investigated for issues in Culpeper County related to the use of force and truthfulness.

First, the Court finds that Petitioner has defaulted this claim by failing to brief it in the Virginia Supreme Court. While Petitioner assigned error to the Habeas Court's judgment rejecting

Petitioner's claim that counsel was ineffective in cross-examining Detective Waddel, Petitioner's opening brief contained no argument related to that assignment of error. The Supreme Court of Virginia deemed this argument waived under Virginia Supreme Court Rule 5:27 and did not address the merits of Petitioner's claim. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Jones v. Sussex I State Prison, 591 F.3d 707, 715 (4th Cir. 2010) (internal citations omitted).  The Commonwealth has met its burden to show that Rule 5:27 is adequate to serve as a bar for federal review of this claim because it is "firmly established and regularly or consistently applied by" the Virginia Supreme Court in "cases that are procedurally analogous" to Petitioner's case.  See id.  Moreover, Rule 5:27 is an independent state procedural rule because it does not depend on a federal constitutional ruling.  Because Virginia Supreme Court Rule 5:27 is an independent and adequate state procedural default rule, Petitioner is barred from seeking federal review of this claim. Furthermore, Petitioner has not attempted to make the showing necessary to overcome such a bar.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an

19

independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Even if Claim 3 was not procedurally barred, the Habeas Court's rejection of the merits of the claim was neither contrary to federal law nor based on an unreasonable interpretation of the facts. When "evaluating the reasonableness of the state court's determination on the performance prong," this Court begins with the "'strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Valentino v. Clarke, 972 F.3d 560, 581 (4th Cir. 2020) (quoting Cullen v. Pinholster, 563 U.S. 170, 191, 196 (2011)). This standard requires courts to "not only 'give attorneys the benefit of the doubt, but [also] affirmatively entertain the range of possible reasons that . . . counsel may have had for proceeding as he did.'" Id.

Here, as the Habeas Court found, Petitioner never proffered the outcome of Detective Waddell's investigation, nor did he proffer any evidence to support a contention that the investigation had any relevance to Petitioner's case. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate

20

investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). For the same reasons set forth by the Habeas Court, this Court finds that counsel could have reasonably concluded that the existence of Detective Waddell's investigation had minimal impeachment value, if any, in Petitioner's case, and strategically chose not to use the investigation for impeachment purposes. As the record reflects, counsel did attempt to impeach Detective Waddell's testimony by confronting him with statements he had made while testifying at the preliminary hearing that appeared to be inconsistent with certain statements he had made at trial. "Counsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another." Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987). Moreover, the Habeas Court reasonably determined that Petitioner had also failed to establish Strickland prejudice based on the overwhelming evidence against Petitioner, and the fact that Detective Waddell's testimony was mostly cumulative of Detective Clark's testimony, which was unimpeached. Thus, the state court's application of Strickland was reasonable.

For the foregoing reasons, Respondent's Motion to Dismiss should be GRANTED, and this case DISMISSED.

An appropriate Order shall issue.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 20, 2024